MATTER OF GOLDEN DRAGON CHINESE RESTAURANT

In Proceedings to Classify Nonimmigrant as Temporary Worker or
Trainee

NEW-N-30132

*Decided by Commissioner October 5, 1984*

(1) In proceedings pursuant to section 101(a)(15)(H)(ii) of the Immigration and Na-
tionality Act, 8 U.S.C. § 1101(a)(15)(H)(ii) (1982), the role of the Department of
Labor is strictly advisory and temporary labor certification determinations by the
Department of Labor are not binding on the Immigration and Naturalization
Service.

(2) Petitions pursuant to section 101(a)(15)(H)(ii) of the Act for a class or type of em-
ployee for which the petitioner has a permanent need where the petitioner makes
attempts to establish the temporariness of its need for the beneficiary's services
by stipulating that the beneficiary will function as a trainer or instructor rather
than in a productive capacity must be accompanied by evidence of the existence of
a training program, by evidence that the petitioner has recruited or hired train-
ees, and by evidence that the petitioner can viably employ a full-time instructor
and can viably simultaneously operate a training program and a commercial or
other enterprise.

ON BEHALF OF PETITIONER:  Martin L. Rothstein, Esquire
Barst, Mukamal & Babitt
2 Park Avenue
New York, New York 10016

The petition was denied by the district director, Newark, New
Jersey, and is now considered on appeal.

The petitioner is a Chinese restaurant which seeks to employ the
beneficiary as a Chinese specialty chef pursuant to section
101(a)(15)(H)(ii) of the Immigration and Nationality Act, 8 U.S.C.
§ 1101(a)(15)(H)(ii) (1982). The district director denied the petition
upon concurring in a Department of Labor determination that the
position offered the beneficiary is not a temporary position, for
which reason the Department of Labor declined to certify the posi-
tion for temporary alien employment. *See* 8 C.F.R. § 214.2(h)(3)
(1984).

On appeal, the petitioner argues first that the district director's
treatment of the matter constituted an automatic denial based on
lack of labor certification rather than a meaningful review of the

matter on its merits which, the petitioner argues, is required regardless of its lack of temporary labor certification. The petitioner further argues that the position offered is and should be adjudged to be temporary and amenable to classification of its incumbent pursuant to section 101(a)(15)(H)(ii) of the Act.

As to the petitioner's first argument, we agree that the role of the Department of Labor in temporary worker proceedings is an advisory one and that temporary labor certification determinations by the Department of Labor are not binding on the Immigration and Naturalization Service. Hopefully, a Service administrative adjudicator would not forego independent review of a temporary worker petition in favor of blind acceptance of a determination made by another agency functioning in an advisory capacity. This consideration, however, does not preclude concurrence with such an advisory opinion and there is nothing in this record to indicate that the district director did not review all evidence and representations in this matter prior to rendering his decision. In point of fact, applicable regulations as cited above provide that a temporary labor certification determination is to be overridden only upon presentation by a petitioner of "countervailing evidence" which serves to demonstrate the error or inapplicability of such determination. Upon review of the record before us we note that, other than a brief item of correspondence from counsel describing the petitioner's intent, no such evidence was presented to the district director. Therefore, the district director was correct, after determining that the earlier determination of the Department of Labor was apparently free of error, in denying the petition for lack of labor certification.

Upon careful review of the appellate record and due deliberation, we find that we share the district director's faith in the judgment of our Department of Labor colleagues and we, in turn, will affirm the decision of the district director and dismiss this appeal. As noted by the petitioner on appeal, applicable case law precludes certification for temporary alien employment of positions which comprise services or labor for which a petitioner has a permanent or indefinite rather than temporary need. *Matter of Artee Corporation,* 18 I&N Dec. 366 (Comm. 1982). The need of a Chinese restaurant for a Chinese specialty chef is clearly a permanent one. The petitioner in this proceeding attempts to mitigate the apparent permanence of its need by positing in this instance a training requirement whereby the beneficiary will train other chefs in the intricacies of a Chinese cuisine known as Fu Chow. According to the petitioner, Fu Chow cuisine is not widely available in the Western Hemisphere and it proposes to remedy by this petition what it per-

ceives to be a consequent lack and a potential market. Were the petitioner's use of the beneficiary's services to be limited to the beneficiary's training of other personnel, this petition might be regarded as approvable and the beneficiary certifiable as a vocational instructor. However, the petitioner has not demonstrated the existence of a training program, the hiring or recruitment of trainees, or any other persuasive indicator of its intent or ability to retain the services of a full-time cooking instructor. From this, we conclude that although some portion of the worktime of the beneficiary and the present cooking staff of the petitioner might be devoted under the aegis of this petition to the type of training described, the majority of the time of both the beneficiary and the remaining staff would have to be devoted to productive employment if the petitioner were to remain a viable enterprise. The petitioner has not established that the beneficiary's activities can or will be limited to training other staff. The petitioner has an inarguably permanent need for the beneficiary's skills. The decision of the district director is therefore found to be correct.

**ORDER:** The appeal is dismissed.